Opinion issued February 13, 2003







 
 


 



In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01165-CR




STEVEN RAY TATUM, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 836895




MEMORANDUM OPINION

          Appellant, Steven Ray Tatum, was charged by indictment with the felony
offense of capital murder, for which the State did not seek the death penalty. After
appellant entered a plea of not guilty, the jury found him guilty of capital murder. 
The trial court assessed punishment at confinement for life.
          In his sole point of error, appellant asserts that the trial court erred in denying
his challenges for cause of several prospective jurors during voir dire. 
          We affirm. 
Background
          Jamal Labdi, the complainant, was employed as a cashier at the N Star Gas
Station at 10104 Tidwell in Harris County. On the evening of February 16, 2000,
Labdi was working at the store when appellant entered the store carrying a revolver. 
There were three customers in the store at the time—Kimberly Flenoury, Tenille
Rhodes, and an unidentified man. Appellant pointed the gun at Labdi, demanded
money, and ordered everyone to get on the floor. After demanding their purses,
appellant took Flenoury’s purse from the counter where she had left it and took
Rhodes’s purse from her arm. While on the floor, Flenoury and Rhodes heard one
shot. 
          After appellant fled the store, Flenoury got up and observed that Labdi was not
moving and appeared to be dead. Douglas Harris Posey, Jr., M.D., Assistant Medical
Examiner for Harris County, testified that Labdi died immediately as the result of a
gunshot wound to the head.
          Janet Parker was driving in the area near the N Star Gas Station on the evening
of February 16, 2000, when appellant approached her vehicle, waving his arms, in
what appeared to be an attempt to flag her down. Parker noticed that appellant was
holding a gun and managed to drive away. However, before driving away, appellant
touched the hood of her vehicle with his hand. Houston Police Department Officer
Skelton lifted prints off of the hood of Parker’s vehicle, which matched appellant’s
prints.
          Perry Barnett, who lives near the N Star Gas Station, was awakened by his
wife’s screams on the evening of February 16, 2000. Appellant had broken into their
home, was in their bedroom, and held a gun to Barnett’s wife’s head as he demanded
money and car keys. Barnett turned on the bedroom light in order to locate the car
keys. Appellant then demanded that Barnett go outside and ordered him to start the
van, at which time appellant got in the van and drove away. The purses taken from
Flenoury and Rhodes during the robbery were found in Barnett’s bedroom, and
Rhodes’ wallet was found in Barnett’s yard. Barnett identified appellant as the man
who broke into his home on February 16, 2000.
          Houston Police Department Officer Robert Parrish testified that appellant
turned himself in to the police on February 18, 2000, and voluntarily gave an audio-
taped statement regarding the events of February 16, 2000. The audio-taped
statement was played for the jury at trial. In the statement, appellant admitted
entering the N Star Gas Station on February 16, 2000 to commit a robbery and
admitted shooting the gun.
Voir Dire
          The record in this case shows that voir dire started with a panel of 65 people
on November 5, 2001. After appellant challenged 46 of the 65 venire members for
cause, the trial court determined that there would not be sufficient venire members
remaining to select a jury. Therefore, the trial court decided to start over the next day
with a new venire.
          During voir dire, appellant’s attorney asked the venire members if they could
consider the minimum punishment of five years’ imprisonment for the lesser-included
offense of intentional murder. Forty-five venire members stated that they could not
consider the minimum punishment. Appellant’s attorney also asked the venire
members if they could consider the minimum punishment of five years’ imprisonment
for the lesser-included offense of felony murder. Forty-six venire members stated
that they could not consider the minimum punishment in such a case. Appellant’s
attorney then challenged for cause 50 of the 65 venire members for several reasons,
including those who had stated they could not consider the minimum punishment
range under the lesser-included offenses of intentional murder and felony murder. 
The trial judge denied defense counsel’s challenges for cause based on the venire
members’ inability to consider the minimum range of punishment. Appellant’s
attorney then used eight of his 10 peremptory challenges on venire members for
whom his challenge for cause was denied. Appellant’s attorney requested seven
additional peremptory challenges, identifying seven jurors on whom he would have
exercised peremptory challenges if he had not exhausted his allotted challenges. All
seven of these objectionable jurors had been challenged for cause based on their
answers that they could not consider the minimum punishment of five years for the
lesser-included offense of murder. The trial court denied defense counsel’s request
for additional peremptory strikes and the jury was seated.Discussion
          In his sole point of error, appellant contends that the trial court erred in denying
his challenges for cause with respect to several venire members who stated an
inability to consider the minimum range of punishment for the possible lesser-included offense of murder.
          This same argument was presented in King v. State. 953 S.W.2d 266, 268
(Tex. Crim. App. 1997). In King, appellant complained that the trial court erred in
denying his challenges for cause for two venire members who had stated that they
could not consider the minimum punishment for the offense of murder. Id. The
Court of Criminal Appeals held that, because appellant was convicted of capital
murder, any error relating to the punishment range of the lesser-included offense of
murder made no contribution to appellant’s conviction or punishment. Id.
          In this case, appellant was convicted of capital murder. We find that any error
relating to the denial of appellant’s challenges for cause made no contribution to
appellant’s conviction or punishment.
          Appellant’s sole point of error is overruled. 
Conclusion
          We affirm the judgment of the trial court.
 
                                                             Laura C. Higley 
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).